IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| RAY ANTHONY MOORE<br><br>    Plaintiff(s),<br><br>vs.<br><br>CONSTANTIN BARBU, PG TRUCKING, LLC AND BC EXPLORER LLC,<br><br><br>Defendant(s). | CIVIL ACTION NO.: |

## PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURES, AND RULE 193.7 NOTICE

TO THE HONORABLE JUDGE OF SAID COURT:

1. COMES NOW, **RAY ANTHONY MOORE** hereinafter referred to as Plaintiff, and files this Fourth Amended Petition, wherein **CONSTANTIN BARBU, PG TRUCKING, LLC AND BC EXPLORER LLC** hereinafter referred to as Defendant, and for cause of action would respectfully show the following:

2. This action is within the jurisdiction of this Court and this Court has jurisdiction based upon diversity of citizenship and the amount in controversy is in excess of $75,000.00 exclusive of interest and costs and/or

the minimum jurisdictional limits of this Court as per Title 28 U.S.C. §1332.

3. Plaintiff is a resident of the Southern District of Texas.

4. Defendant **Constantin Barbu** is a proper defendant to this proceeding who is a resident of Los Angeles, California, and may be served at his residence as follows:

> **Constantin Barbu**
> **5636 Ash St., Apt. 7,**
> **Los Angeles, CA 90042**

5. Defendant **PG TRUCKING, LLC** is a proper defendant to this proceeding and is a company doing business in the State of Texas. At all times material, **PG TRUCKING, LLC**, was authorized to and conducted business in the State of Texas. Defendant has sufficient minimum contacts with Texas, or otherwise intentionally availed itself of the consumer markets within Texas to render the exercise of jurisdiction by Texas courts permissible under traditional notion of fair play and substantial justice. Defendant PG Trucking, LLC has designated **Diana Lusciov** to serve as its Registered Agent for Service of process who may be served as follows:

> **PG Trucking, LLC**
> **Diana Lusciov**
> **4246 E MARINO DR.,**
> **PHOENIX, AZ 85032**

6. Defendant **BC Explorer LLC** is a proper defendant to this proceeding and is a company doing business in the State of Texas. At all times material, **BC Explorer LLC**, was authorized to and conducted business in the State of Texas. Defendant has sufficient minimum contacts with Texas, or otherwise intentionally availed itself of the consumer markets within Texas to render the exercise of jurisdiction by Texas courts permissible under traditional notion of fair play and substantial justice. Defendant **BC Explorer LLC** has designated **Constantin Barbu** to serve as its Registered Agent for Service of process who may be served as follows:

> **BC Explorer LLC**
> **Constantin Barbu**
> **9919 SALES RD S #5**
> **TACOMA, WA 98444**

7. All matters conditions precedent to the filing and presentation of this claim have been performed.

## BACKGROUND FACTS AND ALLEGATIONS.

8. Plaintiff readopts, realleges and incorporates the allegations in paragraphs 1 through 7 as though alleged herein.

9. On or about **October 12, 2020,** Plaintiff **Ray Anthony Moore** was driving a 2007 Chevrolet Malibu in the approximate 4400 block of Airline Rd. at and/or near the intersection of Whitney Street, in Houston, Harris County, Texas, when he was, suddenly, without notice or warning struck from the

front and/or side by a 2015 Freightliner (hereinafter referred to as the "tractor") operated by Defendant **Constantin Barbu.**

## NEGLIGENCE

10. Based upon information and/or belief, Defendant **Constantin Barbu**, failed to yield right of way stop sign; failed to control operation of the vehicle; failed to operate the vehicle in a safe manner; failed to avoid a collision; failed to keep a proper lookout for the safety of other drivers; traveled at an unsafe speed; disregarded the safety and welfare of others**;** failed to control his speed, to timely brake, to provide notice or warning; was distracted in operation of his motor vehicle due to use or of mobile or cellular phone, due to texting, due to use of social media on cellular or mobile phone, and/or failed to pay proper attention and/or failed to operate a motor vehicle as a reasonable and/or prudent person,  among other things and failed to yield right of way at the stop sign and/or at the intersection proximately causing the collision made the basis of this suit.

11. Based upon information and/or belief, Defendant **Constantin Barbu**, was operating the tractor pursuant to the authority, permission, direction and/or entrustment of such vehicle to him by Defendant(s) and/or **PG TRUCKING, LLC and/or BC EXPLORER LLC** subject to employment, contractual and/or lease agreements, among other things.

12. Pleading further, in addition and/or in the alternative, at the time, date and on the occasion of the incident made the basis of this suit the tractor truck was operated by Defendant **Constantin Barbu**, in whole and/or in part, subject to an independent contractor operating agreement with Defendant(s) **PG TRUCKING, LLC and/or BC EXPLORER LLC,** the owner of the tractor truck.

13. Pleading further, in addition to and/or in the alternative, Plaintiff would show that the incident and injuries and damages giving rise to this incident were proximately caused by the negligence of the Defendant(s) **CONSTANTIN BARBU** and/or **PG TRUCKING, LLC** and/or **BC EXPLORER LLC** acting jointly, severally, singularly, and/or together in any manner. The actions and omissions of the Defendants **CONSTANTIN BARBU** and/or **PG TRUCKING, LLC** and/or **BC EXPLORER LLC,** jointly, severally, singularly, and/or together in any manner constitute negligence which proximately resulted in injuries and damages being suffered by Plaintiff.

14. Pleading further, in addition to and/or in the alternative, based upon information and/or belief, Defendant **CONSTANTIN BARBU**, is a statutory employee of Defendant(s) **PG TRUCKING, LLC** and/or **BC EXPLORER LLC** and/or is an independent contractor and/or owner

operator and was operating the tractor truck while in the course and scope of his employment and/or relationship, contractual or otherwise, and/or while under dispatch with and for and/or that the vehicle he was operating at the time date and on the occasion of the incident made the basis of this claim was as owned, operated, leased, under the exclusive use, possession and/or control of and/or maintained by Defendant(s) **PG TRUCKING, LLC** and/or **BC EXPLORER LLC.**

15. Upon further information and/or belief, Plaintiff alleges that the actions and/or omissions of Defendant(s) **CONSTANTIN BARBU** and/or **PG TRUCKING, LLC** and/or **BC EXPLORER LLC,** jointly, severally, singularly, and/or together in any manner, proximately resulted in the causation of the incident, injuries and damages made the basis of this suit.

16. Pleading further, in addition to and/or in the alternative, Defendant **PG TRUCKING, LLC** and/or **BC EXPLORER LLC** was acting together in concert with and/or was the alter ego of Defendant **CONSTANTIN BARBU**, at the date, time and on the occasion of the incident

17. Pleading further, in addition to and/or in the alternative, Defendant **CONSTANTIN BARBU** was the statutory employee of Defendant(s) **PG TRUCKING, LLC** and/or **BC EXPLORER LLC** at the time, date and on the occasion of the incident made the basis of this suit for which

Defendant(s) **PG TRUCKING, LLC** and/or **BC EXPLORER LLC** for whose such actions and/or omissions they are vicarious liable.

18. Pleading further, in addition to and/or in the alternative, Defendant **CONSTANTIN BARBU**, was an employee and/or independent contractor of Defendant(s) **PG TRUCKING, LLC** and/or **BC EXPLORER LLC** at a time when he was on–duty and/or in transport at the date, time and on occasion of the incident made the basis of this suit.

19. The actions and/or omissions of the Defendants, jointly severally, singularly and/or together in any manner, proximately caused and resulted in the injures and damages sustained by Plaintiff about which he complains.

20. Pleading further and/or in the alternative, the above described collision which is the basis of this suit, was proximately caused by the negligence of Defendants **CONSTANTIN BARBU** and/or **PG TRUCKING, LLC** and/or **BC EXPLORER LLC** jointly, severally, singularly, and/or together in any manner. The actions and omissions of Defendants **CONSTANTIN BARBU** and/or **PG TRUCKING, LLC** and/or **BC EXPLORER LLC,** jointly, severally, singularly, and/or together in any manner, constitute negligence which proximately resulted in injuries and damages being suffered by Plaintiff.

21. Pleading further, the negligent actions and/or omissions of Defendant **CONSTANTIN BARBU** include but are not limited to:

    a. failure to yield right of way at a stop sign;

    b. failure to control operation of the vehicle;

    c. failure to operate the vehicle in a safe manner;

    d. failure to avoid a collision;

    e. failure to keep a proper lookout for the safety of other drivers;

    f. traveling at an unsafe speed;

    g. disregarding the safety and welfare of others;

    h. failure to control his speed;

    i. failure to timely brake;

    j. failure to provide notice or warning;

    k. was distracted in operation of his motor vehicle due to use or of mobile or cellular phone, due to texting, due to use of social media on cellular or mobile phone;

    l. failure to pay proper attention; and,

    m. failure to operate a motor vehicle as a reasonable and/or prudent person.

22. Each of the foregoing acts and omissions, either jointly, severally, singularly, and/or together in any manner, constitutes negligence and/or

negligence *per se* under state and federal laws and regulations which proximately caused the collision, injuries and damages which **Ray Anthony Moore** suffered as described below.

23. Pleading further and/or in addition, Defendants **CONSTANTIN BARBU** and/or **PG TRUCKING, LLC** and/or **BC EXPLORER LLC,** acting jointly, severally, singularly, and/or together in any manner as the owners, lessees' and/or entity (entities) with right of exclusive use, possession and/or control of the tractor and/or commercial motor vehicle involved in the incident made the basis of this suit and/or as the statutory employer and/or contractor of services of and from Defendant **CONSTANTIN BARBU**, at all material times hereto, would show that such Defendant(s) acting jointly, severally, singularly, and/or together in any manner is/are vicariously liable to Plaintiff for the negligence of Defendant **CONSTANTIN BARBU**, pursuant to the doctrine of respondeat superior and/or principal and agency. Defendants **PG TRUCKING, LLC** and/or **BC EXPLORER LLC** acting jointly, severally, singularly, and/or together in any manner is/are also negligent under the theories of negligent entrustment and negligent retention by allowing **CONSTANTIN BARBU** to operate said tractor when Defendants **PG TRUCKING, LLC** and/or **BC EXPLORER LLC,** acting jointly, severally, singularly, and/or together in

any manner knew or should have known that Defendant **CONSTANTIN BARBU** was unfit and/or an unsafe driver or likely to operate the tractor in a negligent matter and/or entrusting a vehicle to Defendant **CONSTANTIN BARBU**.

24. The occurrence made the basis of this suit, and the resulting damages were directly and proximately caused by the negligent actions and/or omissions of Defendants **PG TRUCKING, LLC** and/or **BC EXPLORER LLC** acting jointly, severally, singularly, and/or together in any manner in one or more of the following respects:

1) Hiring and/or retaining and/or contracting with Defendant **CONSTANTIN BARBU** whom it knew or should have known was a reckless or incompetent driver;
2) Entrusting a tractor to Defendant **CONSTANTIN BARBU**, whom it knew or should have known was a reckless or incompetent driver;
3) Dispatching Defendant **CONSTANTIN BARBU** when they knew or should have known was a reckless or incompetent driver;
4) Permitting Defendant **CONSTANTIN BARBU** to operate its tractor in an unsafe manner;
5) Failing to properly supervise Defendant **CONSTANTIN BARBU**;
6) Failing to send or timely send assistance to the scene;
7) Failing to notify or timely notify the proper authorities;
8) Failing to properly train Defendant **CONSTANTIN BARBU**, in the safe motor vehicle operation;
9) Failing to properly supervise Defendant **CONSTANTIN BARBU'S** driving activities;
10) Failing to properly monitor Defendant **CONSTANTIN BARBU**;
11) Failing to properly screen, supervise, train, instruct, monitor, retain, and discipline its employees and/or contractors with and/or in concern of proper safety procedures and regulations;

12) Failing to enforce and ensure compliance of established safety and operational rules and regulations for its employees and/or contractors, inclusive of but not limited to **CONSTANTIN BARBU**;
13) Failing to properly retain;
14) Failure to follow their own respective retention, safety, training or testing policies or procedure(s);
15) Failure to conduct road test(s) to indicate level or degree of competence of vehicle operator;
16) Failure to provide safety and/or driver orientation manuals or procedures to Defendant **CONSTANTIN BARBU**;
17) Failure to train, supervise, and instruct those charged with supervision, instruction or monitoring of vehicle operators and/or the dispatch of same;
18) Failure to implement plans, protocol or procedure for the training, instruction, supervision, or retention of vehicle operators; and,
19) Negligent entrustment of a motor vehicle, among other things.

25. Each of the foregoing acts and omissions, either jointly, severally, singularly, and/or together in any manner, constitutes negligence and/or negligence *per se* under state laws and regulations listed below which proximately caused the collision, injuries and damages which **Ray Anthony Moore** suffered as described below.

26. Plaintiff would further show that Defendants **CONSTANTIN BARBU** and/or **PG TRUCKING, LLC** and/or **BC EXPLORER LLC** acting jointly, severally, singularly, and/or together in any manner actions and/or omissions were in violation of the traffic laws and safety statutes, and such actions or omissions constitute negligence and/or negligence per se which proximately resulted in the incident made the basis of this suit. Such violations include but are not limited the following sections of the *Texas*

*Transportation Code, Federal Motor Carrier Safety Administration and Texas Administrative Code:*

a. Failing to stop at a designated point-stop sign in violation of Texas Transportation Code §544.010
b. Turned when unsafe in violation of Texas Transportation Code §545.103
c. Disregarding a stop sign in violation of Texas Transportation Code §545.151
d. Failure to yield at a stop Intersection in violation of Texas Transportation Code §545.151(a);
e. Failure to yield at a stop Intersection in violation of Texas Transportation Code §545.153
f. Failure to keep an assured clear distance in violation of Texas Transportation Code §545.062;
g. Driving at a speed greater than reasonable and prudent under the circumstances then existing in violation of Texas Transportation Code Section 545.351(a) and 545.351(b);
h. Failing to apply the brakes properly and/or timely as a result of the incident made the basis of this suit in violation of Texas Transportation Code Section 545.408(a)(3);
i. Operating a vehicle in willful and/or wanton disregard for the safety of persons and property in violation of Texas Transportation Code §545.401;
j. Failure to comply with general qualification of drivers in violation of Federal Motor Carrier Safety Administration Code 49 C.F.R. § 391.11;
k. Failure to perform inquiry and/or review of driving record in violation of Federal Motor Carrier Safety Administration Code 49 C.F.R. §391.25;
l. Failure to perform inquiry and/or review of driving record in violation of Federal Motor Carrier Safety Administration Code 49 C.F.R. § 391.25;
m. Failure to qualify driver and/or maintain qualification of driver in violation of Federal Motor Carrier Safety Administration Code 49 C.F.R. §391.51;
n. Failure to manage, maintain, operate or drive commercial motor vehicles, or the hiring, supervising, training, assigning, instructing, or

      dispatching of drivers in compliance with the rules in violation of Federal Motor Carrier Safety Administration Code 49 C.F.R. §392.1;
- o. Failure to operate a commercial motor vehicle in compliance with the rules in violation of Federal Motor Carrier Safety Administration Code 49 C.F.R. §392.2; and,
- p. Operating a commercial vehicle as to make it unsafe to being or continue to operate the commercial motor vehicle with the rules in violation of Federal Motor Carrier Safety Administration Code 49 C.F.R. § 392.3; among other things.

27. One, some or all of the foregoing acts and/or others on the part of Defendants **CONSTANTIN BARBU** and/or **PG TRUCKING, LLC** and/or **BC EXPLORER LLC** acting jointly, severally, singularly, and/or together in any manner, constituted negligence and such negligence was a proximate cause of the occurrence of the injuries and damages suffered by Plaintiff. Moreover, the Defendant(s) **CONSTANTIN BARBU** and/or **PG TRUCKING, LLC** and/or **BC EXPLORER LLC** acting jointly, severally, singularly, and/or together in any manner by violating the transportation, administrative and/or penal codes as set out above, constitutes negligence as a matter of law.

28. One, some or all of the foregoing acts and/or others on the part of Defendants **CONSTANTIN BARBU** and/or **PG TRUCKING, LLC** and/or **BC EXPLORER LLC** acting jointly, severally, singularly, and/or together in any manner constituted negligence and *negligence per se* and such negligence was a proximate cause of the occurrence of the injuries and

damages of Plaintiff. Plaintiff would further show that the harm, damage and injuries suffered are of the type of harm which the above referenced statutes were intended to prevent. Plaintiff would also show that he was a member of the class of persons for which the statutes referenced above were enacted to protect. Such violation amounts to negligence per se and is the proximate cause of the occurrence in question.

29. Pleading further, in addition to and/or in the alternative, the actions and/or omissions of Defendant **CONSTANTIN BARBU** are imputed to Defendant **PG TRUCKING, LLC** and/or **BC EXPLORER LLC** acting jointly, severally, singularly, and/or together in any manner as the statutory employer of Defendant **CONSTANTIN BARBU** for whom they are vicariously responsible.

30. Pleading further, the cause and/or causes of the incident made the basis of this suit are continuing to be investigated and may yet be known and Plaintiff reserves the right to amend her pleadings to incorporate new and/or additional allegations of negligence and/or fault as they are discovered or made known.

31. Pleading further and/or in the alternative, Plaintiff would show that he cannot more specifically allege the acts of negligence on the part of the Defendants **CONSTANTIN BARBU** are imputed to Defendant(s) **PG**

**TRUCKING, LLC** and/or **BC EXPLORER LLC** acting jointly, severally, singularly, and/or together in any manner, for the reason that the facts in that regard are peculiarly within the knowledge of the Defendant(s) and, in the alternative, in the event Plaintiff is unable to prove specific acts of negligence, Plaintiff relies on the doctrine of res ipsa loquitor. In this connection, Plaintiff will show that the tractor of Defendant **CONSTANTIN BARBU** is imputed to Defendant **PG TRUCKING, LLC** and/or **BC EXPLORER LLC** acting jointly, severally, singularly, and/or together in any manner, and its respective operation and movement were within the exclusive control of such Defendant(s) acting jointly, severally, singularly, and/or together in any manner. Plaintiff has no means of ascertaining the method or manner in which the incident was caused to occur other than through Defendant **CONSTANTIN BARBU** are imputed to Defendant **PG TRUCKING, LLC** and/or **BC EXPLORER LLC** acting jointly, severally, singularly, and/or together in any manner. The occurrence causing harm to the Plaintiff as described above, was one which, in the ordinary course of events, would not have occurred without negligence on the part of the Defendant(s) acting singularly, jointly and/or together in any combination. Thus, the Defendants **CONSTANTIN BARBU's** actions and/or omissions are imputed to Defendant(s) **PG TRUCKING, LLC**

15

and/or **BC EXPLORER LLC** acting jointly, severally, singularly, and/or together in any manner, and Defendant(s) acting jointly, severally, singularly, and/or together in any manner were negligent in the use and/or operation of its respective vehicles and such negligence was a proximate cause of the injuries and damages of the Plaintiff.

## DAMAGES

32. As a direct and proximate result of negligence of the Defendant(s), jointly severally, singularly and/or together in any combination, Plaintiff has suffered severe physical and mental pain and anguish, disfigurement and impairment in the past and, in all reasonable probability, Plaintiff will suffer such physical and mental pain and anguish, disfigurement, and impairment, if not for the balance of his natural life. Furthermore, Plaintiff has incurred reasonable and necessary medical hospital pharmaceutical, chiropractic expenses in the past, and in all reasonable medical probability, will incur such charges medical and other expenses in connection with his injuries into the future. In addition to and without waiving the foregoing, Plaintiff would show that she has suffered a loss of wages in the past and in all reasonable probability, will suffer a loss of wage earning capacity into the future in connection with his injuries. By reason of the above and foregoing,

Plaintiff would show that he has been damaged in a sum within the jurisdictional limits of the Court.

33. In addition to and without waiving the above and foregoing Plaintiff would show that he has suffered a loss of use and/or loss of reasonable value for rental and/or replacement of his vehicle and/or suffered or incurred a diminished value of his vehicle as a proximate result of the collision and/or incident. By reason of the above and foregoing, Intervenor(s) would show that he has been damaged in a sum within the jurisdictional limits of the Court.

## **GROSS NEGLIGENCE AND EXEMPLARY DAMAGES**

34. The conduct of each Defendant(s) described above constitutes gross negligence for the reason that it shows an entire want of care demonstrating an actual conscious indifference to the rights, safety, and/or welfare of persons likely to be affected by it inclusive of but not limited to Plaintiff. As a result of such conduct, Plaintiff is entitled to recover exemplary damages from Defendant(s) jointly, severally, singularly and/or together in any manner, in a sum within the jurisdictional limits of the Court.

## **CONDITIONS PRECEDENT**

35. All conditions precedent to Plaintiff's right to recover herein and to Defendant's liability have been performed or have occurred.

**WHEREFORE PREMISES CONSIDERED** Plaintiff respectfully request that each Defendant be cited to appear and answer, and that on final trial, Plaintiff have the following:

1.) judgment against each Defendant, jointly severally, singularly and/or together in any manner, for actual damages in an amount within the jurisdictional limits of the Court;

2.) pre-judgment interest as provided by law;

3.) judgment against each Defendant(s) jointly, severally, singularly, and/or together in any manner for exemplary damages;

4.) post judgment interest as provided by law; and,

5.) costs of suit;

6.) such other and further relief to which Plaintiff may show himself to be justly entitled.

**TYLKA LAW CENTER, P.C.**

By: */s/ Lawrence M. Tylka*
Lawrence M. Tylka
Texas Bar No. 20359800
Federal Bar No.: 285
1104 East Main
League City, Texas 77573
(281) 557-1500 telephone
(281) 557-1510 telecopier
Email: legal@tylkalawcenter.com
***ATTORNEY FOR PLAINTIFF***